IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS WILLIAM DIORIO, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 15-6713 |
| | : | |
| Nancy A. Berryhill,[1] | : | |
| *ACTING COMMISSIONER OF SOCIAL* | : | |
| *SECURITY* | : | |

# ORDER

AND NOW, this 22nd day of November, 2017, upon consideration of Plaintiff Thomas William Diorio, Jr.'s Request for Review, and the Commissioner of Social Security's response, and after careful and independent review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and Diorio's objections, it is ORDERED:

1. Diorio's objections to the Report and Recommendation (Document 11) are OVERRULED[2];

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Federal Rule of Civil Procedure 25(d), Berryhill is substituted for Carolyn W. Colvin as the Defendant in this case.

[2] Diorio seeks review of the denial of his application for Disability Insurance Benefits by the Commissioner of Social Security. In a decision issued on June 23, 2014, an Administrative Law Judge (ALJ), applying the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled, *see* 20 C.F.R. § 404.1520, concluded Diorio was not disabled at any time during the relevant period. The ALJ found Diorio was severely impaired by degenerative disorders of the spine, obesity, depression, and anxiety. However, the ALJ concluded Diorio's severe impairments did not meet or medically equal any impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. Upon consideration of the record, including Diorio's medical records and hearing testimony, as well as the hearing testimony of a vocational expert, the ALJ concluded Diorio retained the residual functional capacity (RFC) to perform sedentary work, subject to the following additional limitations: (1) he can climb ramps and stairs only occasionally, never climb ladders, ropes, and scaffolds, and occasionally balance, stoop, kneel, crouch, and crawl; (2) he cannot perform work that requires frequent verbal/telephone communication; (3) he is limited to performing simple, routine, repetitive tasks in a work environment free of fast-pace production requirements, making simple work-based decisions, and handling few if any workplace changes; (4) he cannot have

continuous interaction with the public; and (5) he can be around/in proximity to coworkers and supervisors but works best on isolated independent work assignments. Based on this RFC assessment, the ALJ found Diorio was not capable of performing his past relevant work, but was capable of working as a break lining coater, document preparer, and addresser.

In his Request for Review, Diorio argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate (1) the medical opinion evidence from Diorio's treating providers; and (2) Diorio's subjective complaints of pain. On February 23, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) addressing these alleged errors, concluding the ALJ's decision was supported by substantial evidence, and recommending the Commissioner's denial of benefits be affirmed. Diorio filed objections to the R&R, again challenging the ALJ's failure to properly evaluate the treating source opinions and challenging the Magistrate Judge's analysis of that issue.

Under 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Upon de novo review of the record, this Court finds Diorio's objections meritless.

As to his mental impairments, Diorio argues the ALJ erred by assigning minimal weight to the opinion of his treating psychiatrist Dr. George Adams, who opined that Diorio lacks the capacity to perform simple repetitive work on a sustained and continuing basis. The Court disagrees. Although Dr. Adams described Diorio as depressed, irritable, and/or anxious throughout his treatment notes, he also consistently described Diorio's physical appearance as appropriate, his thoughts as logical, his interaction as cooperative, and his social skills as adequate. Further, Dr. Adams's opinion directly contradicts his treatment notes in some respects. For example, while Dr. Adams in his opinion describes Diorio as suffering from "inappropriate affect," R. at 845, his treatment notes describe Diorio's affect as "appropriate," *see* R. at 402, 405, 409, 415, 420, 437. Dr. Adams also provides little explanation, stating only that his opinion is supported by his "observations and client's self report." R. at 845; *see Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008) (noting a "treating physician's opinion . . . may be afforded more or less weight depending upon the extent to which supporting explanations are provided" (internal quotation marks and citation omitted)); *Colavito v. Apfel*, 75 F. Supp. 2d 385, 398 (E.D. Pa. 1999) ("[I]t is well established that an A.L.J. may reject conclusions of a treating physician's opinion which is brief and conclusory in form with little in the way of clinical findings to support its conclusion."). Moreover, there is scant evidence anywhere in the record—including Dr. Adams's notes, the opinion of non-examining consultant Dr. Henry Weeks, and the mental assessment provided by Diorio's primary care provider, Dr. Jennifer Keah—that supports any marked limitations relating to the work-related mental functions of understanding, memory, concentration, or adaption, and the ALJ accommodated for any supported mental limitations in the RFC. Thus, the ALJ had substantial evidence to assign minimal weight to Dr. Adams's opinion. *See Ortiz v. Colvin*, No. 13-4774, 2014 WL 4375641, at *3 (E.D. Pa. Sept. 3, 2014) (finding ALJ did not err by disregarding a psychiatric treating source opinion where claimant's "mental health records reflect a person who, despite considerable depression and anxiety, had fairly normal functioning"); *Ceriani v. Barnhart*, No. 06-1762, 2007 WL 1599728, at *7 (E.D. Pa. May 31, 2007) (finding ALJ's decision not to give controlling weight to a treating source's opinion was supported by substantial evidence in part because the doctor's treatment notations of anxiety, depression, and

panic attacks did "not support a finding that [p]laintiff [was] completely incapacitated by her mental limitations from performing any gainful activity").

Diorio further argues the ALJ improperly substituted her lay opinion for that of Diorio's treating doctor by interpreting treatment notes. The ALJ, however, was permitted to analyze the treatment notes and assessments of Diorio's doctors in evaluating Dr. Adams's opinion. *See Torres v. Barnhart*, 139 F. App'x 411, 414 (3d Cir. 2005) (rejecting claimant's argument "that the ALJ inappropriately evaluated the mental treating sources by employing her 'lay' interpretation of the psychotherapy treatment notes" where ALJ "reviewed and analyzed" the notes and concluded the notes, in combination with other evidence in the record, showed improvement in claimant's psychiatric condition).

As to his alleged physical limitations, Diorio argues the ALJ erred by according little weight to the opinion of Dr. Keah, his primary care provider. Specifically, Diorio argues the ALJ failed to give appropriate weight to Dr. Keah's finding that Diorio could only occasionally use his right dominant upper extremity for reaching, handling, fingering, and feeling—a critical issue, Diorio argues, because all three jobs identified by the VE require the ability to engage in at least frequent reaching and handling. As the Magistrate Judge found, however, substantial evidence supports the ALJ's decision to give little weight to Dr. Keah's opinion regarding Diorio's physical limitations. *See* R&R 14-15. Although Diorio presented with neck and shoulder pain at times, his medical records lack any diagnoses associated with right upper extremity limitations. *See* R. at 244-45, 330, 335, 349, 367, 516; *Phillips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) (dismissing claimant's argument that the ALJ failed to properly consider the opinion of his treating physician where the physician's notes notably failed to mention "any specific work-related limitations" and "his clinical findings [did] not support the existence of any disabling limitations").

In any event, although the three jobs identified require either frequent or constant reaching and handling, it is not evident those jobs require such use of both upper extremities. According to the Dictionary of Occupational Titles (DOT), the break lining coating job requires an employee to "[s]tart[] machine and conveyor and feed[] brake lining into machine to obtain sample for approval by supervisor[;] [f]eed[] brake linings into machine and observe[] coating for conformance to specifications as linings are discharged onto conveyor[; and p]lace[] linings with coating defects aside for disposal." DOT 574.685-010. The document preparer job requires an employee to "[p]repare documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices." *Id.* 249.587-018. The addresser job requires an employee to "[a]ddress[] by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing," and possibly entails sorting mail. *Id.* 209.587-010. Nothing in these descriptions suggests reaching and handling with both upper extremities is required. *See Brown v. Colvin*, No. 15-323, 2016 WL 6821877, at *3 (E.D. Pa. Nov. 17, 2016) (finding that "even though the DOT states the three jobs identified by the VE . . . require constant or frequent reaching, . . . [plaintiff] may be able to perform those jobs by reaching with his left hand with occasional assistance from his right hand"); *Diehl v. Barnhart*, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) ("[T]he fact that a job requires reaching, handling, or fingering does not necessarily mean that [p]laintiff is incapable of performing that job since in some cases he may be able to satisfy the requirements of the job by reaching, handling, or fingering with his left hand with occasional assistance from his right

3

2. The Report and Recommendation (Document 10) is APPROVED and ADOPTED;

3. Diorio's Request for Review (Document 7) is DENIED; and

4. Judgment is entered affirming the decision of the Commissioner of Social Security.

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

hand."). Furthermore, Dr. Keah opined Diorio was able to "sort, handle, [and] use paper/files" without any limitation. R. at 540.

Diorio next argues the ALJ and Magistrate Judge improperly "assumed that a positive response to [medications and injections] is equivalent to the ability to perform even sedentary work on a sustained basis." Objs. 4. This argument lacks merit as it was entirely proper for the ALJ to consider Diorio's pain management treatment in evaluating his functional capacity to do work. *See Seney v. Comm'r Soc. Sec.*, 585 F. App'x 805, 809 (3d Cir. 2014) (finding ALJ's decision to not credit claimant's allegations of disabling pain and other symptoms was supported by substantial evidence where ALJ considered the treatment needed for claimant's condition and the "positive results from that treatment, the medication that she was taking, and its side effects" (citing 20 C.F.R. § 404.1529(c)(3)(iv)-(v))); *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir. 1990) (finding a treating physician's report that claimant's headaches responded to medication, as well as claimant's lack of credibility, constituted substantial evidence supporting ALJ's rejection of claimant's claim of disabling pain).

Finally, Diorio argues the ALJ erred in rejecting the following environmental limitations imposed by Dr. Keah:

> Cold weather aggravates symptoms. Unprotected heights require balance. Pt cannot sit in same position for prolonged period of time to operate motor vehicle, heavy machinery. Vibrations can aggravate pain. Patient should not operate machinery or drive on sedating pain medications.

Although the ALJ found "no basis for the environmental limitations assessed," he excluded from Diorio's potential work the climbing of ladders, ropes, and scaffolding. Moreover, none of the three identified jobs—break lining coater, document preparer, or addresser—require the operation of a motor vehicle or heavy machinery. Thus, even if the ALJ had an insufficient basis to reject those limitations, any error was harmless. *See Moody v. Barnhart*, 114 F. App'x 495, 502 (3d Cir. 2004) (rejecting claimant's argument that ALJ failed to account for certain environmental limitations where "those limitations do not negate the substantial evidence that [claimant] can perform sedentary jobs"); *Ortiz*, 2014 WL 4375641, at *2 (finding ALJ's failure to address or include environmental limitations harmless where "none of the jobs identified by the [vocational expert] required exposure to environmental hazards").

Because the Magistrate Judge properly concluded the ALJ's decision was supported by substantial evidence, Diorio's objections to the R&R are overruled.